MARK A. CRAWFORD (MAC 4609)
THE CRAWFORD LAW FIRM, PC
244-16 Jericho Turnpike
Floral Park, NY 11001
(516) 492-3147
(516) 750-01111

Attorney for Plaintiff
NICHOLSON GREGOIRE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICHOLSON GREGOIRE, | } | Civil Action No. 17-1834 |
| | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| -against- | } | |

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, 105th PRECINCT OF THE NEW
YORK CITY POLICE DEPARTMENT, WILLIAM
BRATTON Commissioner of THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER JOHN
HEWITT, Individually and in his official capacity, POLICE
OFFICER BRANDON MCNALLY Individually and in his
official capacity, POLICE OFFICER RICHARD TARVER,
Individually and in his official capacity POLICE OFFICER
MATTHEW LEVY, Individually and in his official capacity,
POLICE OFFICER NESTOR MARTINEZ, Individually and in
his official capacity, POLICE OFFICER PAUL PICCININNI,
Individually and in his official capacity, SERGEANT
MARRIANNE MIKOWSKI, Individually and in his official
capacity, POLICE OFFICER JOSEPH PINNISI,   Individually
and in his official capacity, SERGEANT JAMES REILLY,
Individually and in his official capacity and "JOHN AND JANE
DOES 1-20", fictitious names intended to be Police Officers
and/or non-uniform employees of the New York City Police
Department and the City of New York

Defendants.

**AMENDED COMPLAINT AND JURY DEMAND**

   Plaintiff, by his attorneys THE CRAWFORD LAW FIRM, P.C., complaining of the

defendants herein, The City of New York, The New York City Police Department, 105th Precinct

1

of the New York City Police Department, William Bratton, Commissioner of THE NEW YORK CITY POLICE DEPARTMENT, Police Officer John Hewitt, Shield#00676, Individually and in his official capacity, Police Officer Brandon McNally, Shield#28587,  Individually and in his official capacity, Police Officer Richard Tarver, Shield #28587,  Individually and in his official capacity, Police Officer Matthew Levy, Shield#24321, Individually and in his official capacity, Police Officer Nestor Martinez, Shield# 02252, Individually and in his official capacity, Police Officer Paul Piccininni, Shield#17164, Individually and in his official capacity, Sergeant Marrianne Mikowski, Shield#00878, Individually and in her official capacity, Police Officer Joseph Pinnisi, Shield#01611,  Individually and in his official capacity, Sergeant James Reilly, Shield #4143, Individually and in his official capacity and John Doe and Jane Doe #1-20 (Collectively ,"defendants") requests trial by jury and respectfully alleges the following upon information and belief:

## NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and Title 42 U.S.C §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

2.      That said deprivation of liberty, defamation of character, loss of reputation, mental anguish occurred on December 14th, 2015 through June 13th, 2016, when Plaintiff was brutally beaten, assaulted, battered and falsely arrested by the Police Officers under the color of law and in their individual capacities and made to endure countless court appearances until all charges were dismissed against Plaintiff, attorney's fees and extreme emotional duress which continues to date.

2

3.      That the individually sued Defendant Officers and Sergeants assaulted Mr. Gregoire with their fists, elbows, legs and mace, beating his face, arms and head several times, while spewing profanities at Mr. Gregoire, while in Mr. Gregoire's home without permission and/or authority and without the benefit of a warrant, although there was no exigent circumstances.

4.      The video recording shows Mr. Gregoire being repeatedly struck by the individual Officers and Sergeants, with no one deescalating the situation and proceeding in a gang mentality.

5.      The video recording shows that Mr. Gregoire was not armed, was nonthreatening and did not warrant the police action.

6.      Acting in concert or conspiracy, Defendants then maliciously and baselessly caused Mr. Gregoire to be prosecuted with the Felony Charge of Choking a police officer among other charges, charges which were all subsequently dismissed by the Queens District Attorney's Office.

7.      The Municipal Defendants condones said actions by ratifying the defendants' barbaric behavior.

## JURISDICTION

8.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1981, §1983, §1985, §1986, §1988, 28 U.S.C. §1367, 28 U.S.C. §1343, 28 U.S.C. §1331 and 28 U.S.C. §1367, and under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c). Plaintiff further invoke the supplemental jurisdiction of this Court to adjudicate state law claims pursuant to 28 U.S.C. §1367

9.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

3

## THE PARTIES

10.     Plaintiff is and was at all times material herein was a resident of the United States of America and the State of New York.

11.     At all times relevant herein Defendant THE CITY OF NEW YORK was and is a domestic municipal corporation existing by virtue of and under the laws of the State of New York, and was/is the employer of the defendant officers and sergeants, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

12.     At the time of the commencement of this action, defendant William Joseph Bratton was the duly appointed Commissioner of THE NEW YORK CITY POLICE DEPARTMENT and in that capacity was responsible for the proper hiring, training and supervision of the employees of the NYPD, for drafting, designing, adopting and implementing rules, regulations, practices procedures and policies of the NYPD including those regarding investigations, detainments and arrests, and for ensuring that proper measures are established and adhered to by the employees and agents of the NYPD for investigations, detainments and arrests.

13.     At all times relevant hereto, Defendant William Bratton was a citizen of the United States and a resident of the State of New York. Defendant William Bratton is sued in his official capacity as the Police Commissioner of the City of New York, New York Police Department employed by the Defendant City of New York, and was acting under color of state law.

14.     As the Commissioner of the Police Department, Defendant William Bratton both exercised and delegated his municipal final decision making power to the Internal Affairs Bureau and others. On information and belief, he also trained and supervised the individual defendants Police Officers and Sergeants.

4

15.     Defendant City and Defendant William Bratton are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

16.     The Defendant City is also properly sued under 42 U.S.C. §1983 for the challenged delegated final decisions of Defendant William Bratton in his official capacity as the Commissioner of the New York City Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

17.     Defendant THE NEW YORK CITY POLICE DEPARTMENT ("NYPD") was and is a Department of the City of New York, existing and operating by virtue of the laws of the State of New York and City of New York.

18.     At all times relevant herein, defendants Police Officer John Hewitt, Shield#00676, Police Officer Brandon McNally, Shield#28587, Police Officer Richard Tarver, Shield #28587, Police Officer Matthew Levy, Shield#2432, Police Officer Nestor Martinez, Shield# 02252, Police Officer Paul Piccininni, Shield#17164, Sergeant Marrianne Mikowski, Shield#00878, Police Officer Joseph Pinnisi, Shield#01611, Sergeant James Reilly, Shield #4143 at all times relevant herein, and were acting within the scope and in furtherance of their employment and in their individual capacities.

19.     At all relevant times, defendants Sergeant Marrianne Mikowski, Shield#00878 and Sergeant James Reilly, Shield #4143 by virtue of being Sergeants, were supervisory police personnel employed by the NYPD and who, at all times relevant herein were acting within the scope of their employment, and were responsible for the hiring, training and supervision of New York City Police Officers

5

and/or the promulgation and/or monitoring and enforcement of the rules, regulations, practices, procedures and policies of the NYPD and the City of New York.

20.     At all relevant times, defendants John Doe and Jane Doe #1-20 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York, whose identities are presently unknown and who, at all times relevant herein, were acting within the scope and in furtherance of their employment.

21.     At all times relevant herein, defendants John Doe and Jane Doe #1-20 " were supervisory police personnel employed by the NYPD whose identities are presently unknown and who, at all times relevant herein were acting within the scope of their employment, and were responsible for the hiring, training and supervision of New York City Police Officers and/or the promulgation and/or monitoring and enforcement of the rules, regulations, practices, procedures and policies of the NYPD and the City of New York.

22.     That at all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

23.     Plaintiff is suing the defendant officers in their individual and official capacities.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24.     Plaintiff incorporates all of the preceding paragraphs, including the allegations and photographs in the Introduction, as if they were fully set forth again at this point

25.     On December 14, 2015, at approximately 5:15 p.m. Plaintiff was lawfully and peacefully present in his home located at 220-02 101st Avenue, Queens Village, New York.

26.     That at the aforementioned time and place, defendant Police Officer John Hewitt, Shield#00676, Individually and in his official capacity, Police Officer Brandon McNally, Shield#28587, Individually and in his official capacity, Police Officer Richard Tarver, Shield #28587, Individually and in his official capacity, Police Officer Matthew Levy, Shield#24321, Individually and in his official capacity, Police Officer Nestor Martinez, Shield# 02252, Individually and in his official capacity, Police Officer Paul Piccininni, Shield#17164, Individually and in his official capacity, Sergeant Marrianne Mikowski, Shield#00878, Individually and in her official capacity, Police Officer Joseph Pinnisi, Shield#01611, illegally entered Plaintiff's home without probable cause and/or warrant and unlawfully physically assaulted, battered, and falsely arrested and seized plaintiff.

27.     That Plaintiff never committed any crime or offense against the laws of New York City and/or State for which any arrest may be lawfully made.

28.     That prior to the arrest, defendant officers stormed into the plaintiff's home without any warrant and proceeded to perform a warrantless search and arrest of the Plaintiff.

29.     That at the aforementioned time and place, defendant Police Officers Brandon McNally and Police Officer Richard Tarver initiated the contact with Plaintiff and were the first to unlawfully enter the Plaintiff's home and unlawfully strike the Plaintiff and other members of the household.

30.     That when the Plaintiff protested the illegal entry into Plaintiff's home the defendants by their servants, agents, and employees, acting as agents on behalf of defendants and within the scope of their employment, forcibly entered the location, and without provocation and with great force and violence, violently seized, assaulted and laid hold of the plaintiff, including but not limited to intentionally, forcefully and fiercely striking, punching, choking, shoving,

7

repeatedly kicking, elbowing, making, dropping, twisting and tearing out the plaintiff's hair, resulting in substantial physical pain, injury, emotion distress and mental anguish.

31.     That defendant Police Officers Brandon McNally and Police Officer Richard Tarver called for backup and the several officers identified above, illegally entered the Plaintiff's home and immediately joined in the one sided attack and struck, kicked, maced and repeatedly assaulted the Plaintiff, with not one officer taking steps to protect the plaintiff against the other officers' use of excessive force, despite being in a position and having a duty to do so.

32.      That this abuse and assault lasted for approximately 15 minutes.

33.     That none of the police officers on the scene made any attempts to deescalate the situation and simply joined in the fray displaying a mob mentality. None of the force by any of the officers were remotely justified.

34.     That at the aforementioned time and place, defendant Police Officers John Hewitt, Police Officer McNally and Police Officer Tarver, including one or more identified defendants and unidentified defendants JOHN and JANE DOES, unlawfully detained, arrested and falsely imprisoned Plaintiff.

35.     That in arresting the Plaintiff the defendants twisted the Plaintiff's arm in the handcuff causing significant injuries to the Plaintiff's wrists.

36.     That the acts described herein were not pursuant to a warrant for arrest of Plaintiff or a warrant to search Plaintiff, nor Plaintiff's home.

37.     That at the aforementioned time and place, defendant Police Officers John Hewitt, Police Officer McNally and Police Officer Tarver, including all the identified defendants and one or more unidentified defendants JOHN and JANE DOES without any warrant or authority of law, wrongfully, unlawfully and against Plaintiff's will, without probable cause and without informing

8

Plaintiff of the basis of charges against him, and without informing him of his "Miranda Rights," forcibly seized, searched and arrested Plaintiff.

38.     At the time of the unreasonable search and seizure, defendants knew there was no lawful basis to assault, beat, batter and arrest Plaintiff.

39.     At the aforementioned time and place, defendant Police Officers John Hewitt, Police Officer McNally and Police Officer Tarver, including one or more of the identified defendants and unidentified defendants JOHN and JANE DOES without any warrant or authority of law, wrongfully, unlawfully and against Plaintiff's will, without probable cause and without informing Plaintiff of the basis of charges against him, and without informing him of his "Miranda Rights," forcibly seized, searched and arrested Plaintiff.

40.     That at the time of Plaintiff's arrest, defendants knew there was no lawful basis to arrest Plaintiff, nor to search the Plaintiff nor to enter the Plaintiff's home.

41.     That at no time did the Plaintiff consent to their unlawful arrest or detention.

42.     That at no time did the Plaintiff or anyone in the household consent to the Defendants entry into his home.

43.     That at no time did the Defendants have a warrant to enter the Plaintiff's home.

44.     That at no time did the Plaintiff consent to the unlawful search of his person.

45.     That for some time thereafter, defendants, without probable cause, wrongfully, maliciously and forcibly confined Plaintiff against his will.

46.     That at no time did any of the officers object to the profanities being shouted at the Plaintiff.

47.     That during the above stated period both at the time of arrest and repeatedly thereafter, defendants knew of or learned of the unlawfulness, falsity and lack of probable cause

9

for Plaintiff arrest and imprisonment, and of the unreasonable search; and willfully, wrongfully and maliciously refused to release Plaintiff from their unlawful confinement with careless, reckless, wanton and malicious disregard for the rights of Plaintiff.

48.    That after defendant's placed Plaintiff in handcuffs and escorted him out of his residence the defendants intentionally caused Plaintiff to fall on the floor resulting in Plaintiff striking his forehead resulting in bruising.

49.    That the defendants took Plaintiff to the Long Island Jewish Hospital, where Plaintiff was held down and subjected to unknown injections by hospital staff.

50.    That the defendants labeled Plaintiff as "dangerous" and directed the hospital staff to unduly restrain Plaintiff.

51.    That Defendants confined Plaintiff unlawfully on December 14, 2015, during which time Plaintiff was not enabled nor permitted to move about a suitably sized area, but was required to remain in a sitting position in a confined and cramped space and/or seated on a hard surface, thereby causing physical injury to Plaintiff.

52.    That even though defendant officers did not have probable cause to arrest the Plaintiff, they transferred him to the NYPD-105th precinct for arrest processing.

53.    That eventually, after detaining Plaintiff for several hours, defendant officers released Plaintiff to the Department of Corrections and the District Attorney's Office to appear for arraignment and to defend the false charges levied against him.

54.    That eventually, after multiple court appearances, on June 13, 2016, the false charges levied against Plaintiff were summarily dismissed.

55.    That on a number of occasions Plaintiff has observed the police officers parked in front of his house.

10

56.     That because of the constant assault and harassment by defendant officers, Plaintiff is now terrified to go out on the street, interact with police officers and is afraid to go to sleep in his own house.

57.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the search, arrest and assault described herein knew and was fully aware that the search/assault was illegal and that the Plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

58.     That nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

59.     That as a result of the aforesaid actions by defendant officers, Plaintiff suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation and have incurred substantial attorneys' fee to defend the criminal action.

60.     That at the aforementioned time and place, defendants did not have legal authority to enter Plaintiff's home nor to seize, search or detain Plaintiff.

61.     That defendants, the City of New York, 105th Precinct, New York City Police Department,  Commissioner William Joseph Bratton, Police Officers Police Officer John Hewitt, Shield#00676, Individually and in his official capacity, Police Officer Brandon McNally, Shield#28587,  Individually and in his official capacity, Police Officer Richard Tarver, Shield #28587,  Individually and in his official capacity, Police Officer Matthew Levy, Shield#24321, Individually and in his official capacity, Police Officer Nestor Martinez, Shield# 02252, Individually and in his official capacity, Police Officer Paul Piccininni, Shield#17164, Individually

11

and in his official capacity, Sergeant Marrianne Mikowski, Shield#00878, Individually and in her official capacity, Police Officer Joseph Pinnisi, Shield#01611, Sergeant James Reilly, Shield #4143, Individually and in his official capacity, including one or more defendants JOHN and JANE DOES willfully, wantonly, recklessly, carelessly, negligently and with gross negligence, hired, trained and supervised its Police Officers regarding criminal investigations, detention and arrests, causing the wrongful and malicious acts alleged herein.

62.     That defendants, the City of New York, 105th Precinct, New York City Police Department, Commissioner William Joseph Bratton, Police Officers Police Officer John Hewitt, Shield#00676, Individually and in his official capacity, Police Officer Brandon McNally, Shield#28587, Individually and in his official capacity, Police Officer Richard Tarver, Shield #28587, Individually and in his official capacity, Police Officer Matthew Levy, Shield#24321, Individually and in his official capacity, Police Officer Nestor Martinez, Shield# 02252, Individually and in his official capacity, Police Officer Paul Piccininni, Shield#17164, Individually and in his official capacity, Sergeant Marrianne Mikowski, Shield#00878, Individually and in her official capacity, Police Officer Joseph Pinnisi, Shield#01611, Sergeant James Reilly, Shield #4143, Individually and in his official capacity including one or more defendants JOHN and JANE DOES willfully, wantonly, recklessly, carelessly, negligently and with gross negligence, failed to maintain and enforce rules, regulations, minimum standards and/or policies regarding criminal investigations, detention and arrests, causing the wrongful and malicious acts alleged herein.

63.     That defendants, the City of New York, 105th Precinct, New York City Police Department, Commissioner William Joseph Bratton, Police Officers Police Officer John Hewitt, Shield#00676, Individually and in his official capacity, Police Officer Brandon McNally, Shield#28587, Individually and in his official capacity, Police Officer Richard Tarver, Shield

12

#28587, Individually and in his official capacity, Police Officer Matthew Levy, Shield#24321, Individually and in his official capacity, Police Officer Nestor Martinez, Shield# 02252, Individually and in his official capacity, Police Officer Paul Piccininni, Shield#17164, Individually and in his official capacity, Sergeant Marrianne Mikowski, Shield#00878, Individually and in her official capacity, Police Officer Joseph Pinnisi, Shield#01611, Sergeant James Reilly, Shield #4143, Individually and in his official capacity, including one or more defendants JOHN and JANE DOES knowingly, willfully, wantonly, recklessly, negligently and carelessly failed to maintain and enforce proper criminal investigation and arrest procedures, causing the wrongful and malicious acts alleged herein.

64.    That defendants, the City of New York, 105th Precinct, New York City Police Department, Commissioner William Joseph Bratton, and Sergeant Marrianne Mikowski, Shield#00878, Individually and in her official capacity, Sergeant James Reilly, Shield #4143, Individually and in his official capacity, including one or more defendants JOHN and JANE DOES willfully, wantonly, recklessly, carelessly and negligently caused, created and maintained rules, regulations, standards and/or policies condoning, encouraging and causing the wrongful and malicious acts alleged herein.

65.    That the arresting officers knowingly made false statements that Mr. Gregoire was some kind of unstoppable force with super human powers, who was not able to be subdued by two armed officers and their multiple reinforcements, all with weapons, who were inflicting multiple blows to his face and head with fists, mace and legs.

66.    Police Officer McNally falsely related the occurrence complained herein, to the Queens District Attorney, to allege that somehow Mr. Gregoire dragged them into the house and

13

choked him causing him to "become very dizzy and his eyesight to become blurry, creating a stupor affect and he fell backward and was pulled out of the residence by another officer".

68.     That the video tape belies this attempt at cover up.

69.     That several officers described the Mr. Gregoire as dangerous individual that required the hospital to subdue him and inject him with sedatives without his consent.

70.     These false officer accounts, described in part above, were presented to the Queens District Attorney where they alleged that Mr. Gregoire choked the Officers as outlined in the Criminal Complaint filed against Mr. Gregoire under Docket Number 2015QN061316.

71.     That said allegations were not credible and were not enough for the District Attorney to prosecute Mr. Gregoire on any of the charges.

72.     These charges were not dropped in response to a plea bargain or any other arrangement with Mr. Gregoire and constitutes a prosecutorial judgment that the case against Mr. Gregoire could not be proven.

73.     All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Gregoire's federally protect rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City and Defendant Bratton, Defendant 105th Precinct and New York City Police Department.

74.     With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City, New York City Police Department 105th Precinct and Defendant Bratton, have continuously encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by: a. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force; b. by failing to adequately punish

14

unconstitutional uses of force; c. by tolerating the use of unconstitutional force; d. by continuously failing to properly or neutrally investigate citizen complaints of excessive force; and, e. by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

75.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train deputies in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

76.     With deliberate indifference to the rights of citizens to be free from racism in law enforcement, the Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct continuously encouraged, tolerated, ratified, and acquiesced to police racism by: a. failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from racism in law enforcement; b. by failing to adequately punish race based law enforcement actions; c. by continuously tolerating racism, slurs, and race based selective law enforcement among the police force and in police decisions; d. and by failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race based animus, and toleration of collusive statements by involved officers in such situations

77.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct, to permit police officers to use race and race based animus as motivating factors

15

in police decisions and actions, as well as to fail to supervise and to train deputies in the rights of citizens to be free from such race based decision making in law enforcement.

78.   With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct have continuously encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police retaliation to the exercise of such rights by: a. failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of police without retaliation; b. by failing to adequately punish retaliation by police against members of the public who exercise their protected speech rights to object to police conduct; c. by tolerating the use of retaliation based on protected speech; d. and by continuously failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights. It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy to permit police officers to retaliate against individuals for exercising First Amendment rights, as well as to fail to supervise and to train police officers and sergeants in the constitutional rights of individuals.

79.   With deliberate indifference to the rights of citizens to be free from malicious prosecution, the Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct have continuously encouraged, tolerated, ratified, and acquiesced to the malicious prosecution and cover up efforts by police officers by failing to investigate citizen complaints of police misconduct, instead accepting police accounts of events without question and rubber stamping any police account given.

16

80.   It is the longstanding widespread custom, habit, practice and/or policy of Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

81.   The Defendant City, Defendant Bratton, New York City Police Department and the 105th Precinct did exactly that here.

82.   On information and belief, because of this utter failure of supervision and oversight, other members of the public have been hurt by at least some of the same police officers, who have been the subject of citizen complaints both prior to December 2015 and beyond.

83.   As a direct and proximate result of the said acts of the defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, extreme fear, emotional trauma, requiring the expenditure of money for treatment expected to last for the rest of his life to include persisting neurological damage and sequelae from his head injury, the extent which is not fully ascertained ;

d. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being beaten like this.

e. Plaintiff wanted to be a corrections officer and scored a "97" on the admissions exams and this incident has cost him to lose a great deal of faith in law enforcement and this city.

f. Plaintiff is also entitled to punitive damages on all of his claims against the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

17

g. Economic damages including loss of income; and

h. Humiliation, embarrassment, and injury to reputation.

The physical, psychological, and economic consequences of the defendants' actions continue to date, and upon information and belief, will continue into the near future.

## FIRST CAUSE OF ACTION: 42 U. S.C. §1983
### Excessive Force in violation of the Fourth and Fourteenth Amendments
### (Against The Individual Defendants)

84.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

85.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

86.  Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

87.  All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as New York City Police Officers and Sergeants and their acts or omissions were conducted within the scope of their official duties or employment.

87.  At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

88.  Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

18

89. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

90. Defendants Police Officers John Hewitt, Police Officer Brandon McNally, Police Officer Richard Tarver, Police Officer Matthew Levy, Police Officer Nestor Martinez, Police Officer Paul Piccininni, Sergeant Marrianne Mikowski, Police Officer Joseph Pinnisi and Sergeant James Reilly's, actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

91. Defendants Police Officers John Hewitt, Police Officer Brandon McNally, Police Officer Richard Tarver, Police Officer Matthew Levy, Police Officer Nestor Martinez, Police Officer Paul Piccininni, Sergeant Marrianne Mikowski, Police Officer Joseph Pinnisi and Sergeant James Reilly's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Gregoire's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

92. Defendants Police Officers John Hewitt, Police Officer Brandon McNally, Police Officer Richard Tarver, Police Officer Matthew Levy, Police Officer Nestor Martinez, Police Officer Paul Piccininni, Sergeant Marrianne Mikowski, Police Officer Joseph Pinnisi and Sergeant James Reilly's unlawfully seized Mr. Gregoire by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Gregoire of his freedom.

93. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

94. None of the Defendant officers or Sergeants took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so.

95. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer and Sergeant.

96. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Gregoire's federally protected constitutional rights.

97. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

98. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

99. These individual Defendants acted in concert and joint action with each other.

100. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

101. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

102. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

103. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

104. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

105. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

106. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

107. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

108.    The conduct of defendant officers, as described herein, amounted to false arrest, unlawful entry, excessive use of force, malicious abuse of process, failure to intervene, unlawful stop and frisk, unreasonable detention, unreasonable search and seizure, racial profiling, abuse of authority, unlawful taking of private property, pattern of harassment, conspiracy, discrimination, selective enforcement, fabrication of evidence, denial of equal protection of the laws, denial of right to a fair trial, denial of due process rights and malicious prosecution.

109.    Consequently, plaintiff have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**SECOND CAUSE OF ACTION 42 U.S.C. § 1983**
**Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth**
**Amendment and 42 U.S.C. § 1981 (Against Individual Defendants)**

110.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein. 153. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of
> any state or territory or the District of Columbia subjects or causes to be subjected any
> citizen of the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges or immunities secured by the constitution and law shall be liable
> to the party injured in an action at law, suit in equity, or other appropriate proceeding for
> redress . . .

111. Plaintiff in this action is a citizen of the United States and all of the individual and all

of the individual police officer and sergeant Defendants to this claim are persons for purposes of

42 U.S.C. § 1983.

112. All individual Defendants to this claim, at all times relevant hereto, were acting under

the color of state law in their capacity as New York City Police Officers and Sergeants and their

acts or omissions were conducted within the scope of their official duties or employment.

113. At the time of the complained of events, Plaintiff had the clearly established

constitutional right to be free from racial discrimination in law enforcement by police officers and

to enjoy the equal protection of the laws.

114. Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right
> in every State and Territory to make and enforce contracts, to sue, be parties, give
> evidence, and to the full and equal benefit of all laws and proceedings for the
> security of persons and property as is enjoyed by white citizens, and shall be subject
> to like punishment, pains, penalties, taxes, licenses, and exactions of every kind,
> and to no other.

22

115. Plaintiff, as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. §1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

116. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

117. Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and § 1981.

118. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Gregoire's federally protected rights.

119.    The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

120. These individual Defendants acted in concert and joint action with each other.

121. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

122. Defendants are not entitled to qualified immunity for the complained of conduct.

123. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

124. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and as a proximate result of Defendants' unlawful conduct,

Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

125. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained.

126. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained at trial.

127. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

128. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff and Plaintiff is entitled to punitive damages against each of the individually named Defendants.

### THIRD CAUSE OF ACTION 42 U.S.C. § 1983
**Retaliation in Violation of the First Amendment**
**(Against Individual Defendants)**

129. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

130.    42 U.S.C. § 1983 provides that:

24

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

131. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

132. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as New York City police officers and sergeants and their acts or omissions were conducted within the scope of their official duties or employment.

133. At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

134. Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

135.   Mr. Gregoire exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to warrantless entry into their home and/or the seizure of their persons and objectionable police conduct.

136. Retaliatory animus for Mr. Gregoire's exercise of his constitutionally protected right to question New York City Police Officers regarding the scope of their legal authority to enter his home and seize his person was a substantially motivating factor in the excessive force used by individual Defendants.

137. The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

25

138. All of these Defendant officers and sergeants participated in this use of force as a means of retaliation for his protected speech and none of the Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

139. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Gregoire's federally protected constitutional rights.

140. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

141. These individual Defendants acted in concert and joint action with each other.

142. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

143. Defendants are not entitled to qualified immunity for the complained of conduct.

144. Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

145. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

26

146. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

147. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. §1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FOURTH CAUSE OF ACTION 42 U.S.C. § 1983
### Malicious Prosecution in violation of the Fourth and Fourteenth Amendments
### (Against Individual Defendants)

148. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

149. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

150. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

151. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as New York City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

27

152.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as New York City police officers and their acts or omissions were conducted within the scope of their official duties or employment.

153. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

154. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

155. Individual Defendants violated Mr. Gregoire's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

156. Individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for felonious choking of a police officer against Mr. Gregoire without probable cause.

157. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Gregoire's federally protected constitutional rights.

158. The procurement of prosecution against Mr. Gregoire for the known to be false allegations of attempting to choke Police Officer McNally were malicious, shocking, and objectively unreasonable in the light of the circumstances.

159. Those criminal proceedings terminated in Plaintiff's favor. The prosecutor dropped the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

160. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

161. These individual Defendants acted in concert and joint action with each other.

162. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

163. Defendants are not entitled to qualified immunity for the complained of conduct.

164. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

165. Defendants are not entitled to qualified immunity for the complained of conduct.

166. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

167. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

168. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

169. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

29

170. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. §1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**FIFTH CAUSE OF ACTION Violation of 42 U.S.C. § 1983**
**Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981 (Against City, 105 Precinct, New York City Police Department and Defendant Bratton only)**

171.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

172.   42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

173. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

174. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

175. Plaintiff had the following clearly established rights at the time of the complained of conduct: a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment; b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; c. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation; d. the right to be free from

30

discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and, e. the right to be free from malicious prosecution under the Fourth and Fourteenth Amendment,

176. Defendant Bratton, Defendant 105 Precinct, New York City Police Department and Defendant City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

177. The acts or omissions of these Defendants, as described herein, deprived Mr. Gregoire of his constitutional and statutory rights and caused him other damages.

178. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

179. Defendants are not entitled to qualified immunity for the complained of conduct.

180. Bratton, Defendant 105 Precinct, New York City Police Department and Defendant City were, at all times relevant, policymakers for the City of New York and the New York City Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

181. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Gregoire's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

182. Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers

31

in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

183. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

184. The deliberately indifferent training and supervision provided by Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

185. That Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest, and has failed to promulgate, put into effect and monitor the enforcement of appropriate rules to ensure that invalid warrants are promptly vacated.

186. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

187. In addition to the named individual defendants, several officers of the NYPD

32

assigned to the NYPD-105[th] Precinct -- as the named individual defendants -- routinely perform warrantless searches and make unlawful arrests charging innocent persons with various crimes and/or offenses.

188.   Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

189.   Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

190.   The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

191.   By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

192.   As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

193. As a further result of the expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

194. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained extent of his injuries, in amounts to be ascertained in trial.

195. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

196. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein.

## FIFTH CAUSE OF ACTION Violation of 42 U.S.C. § 1983
## FALSE ARREST AND IMPRISONMENT

197.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

198. By their conduct and under color of law, defendants individual police officers and sergeants deprived Mr. Gregoire of his constitutional right to be free from false arrest and false imprisonment.

199. Mr. Gregoire claims damages for the injuries set forth above.

### SIXTH CAUSE OF ACTION 42 U.S.C. § 1985(3) CONSPIRACY TO HINDER PROVISION OF EQUAL PROTECTION 119.

200. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

201. The individual defendants conspired with each other for the purpose of hindering and preventing the constituted authorities of the State of New York from securing and providing Mr. Gregoire equal protection of the laws.

202. In furtherance of the conspiracy, and to conceal the crimes and misconduct of Defendants, the defendants concocted a story of being dragged into the Plaintiff's home and being choked by the Plaintiff to the point of stupor and disorientation, which was dispelled by the video recording.

203. Said statements were false and abdication of officers' legal duty to report incriminating evidence to proper authorities.

204. As a proximate and direct result of defendants' conduct, Mr. Gregoire suffered the injuries and damages described above.

### SEVENTH CAUSE OF ACTION 42 U.S.C. § 1985(2) CONSPIRACY TO IMPEDE DUE COURSE OF JUSTICE

205. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

206. Each of the individual defendants conspired, to impede the due course of Justice in New York State, with the intent of denying Mr. Gregoire the equal protection of the laws.

207. As a proximate and direct result of defendants' conduct, Mr. Gregoire suffered the injuries and damages described above.

## EIGHTH CAUSE OF ACTION 42 U.S.C. § 1983 SUPERVISORY LIABILITY

208. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

209. Defendants Sergeant James Reilly and Marianne Mikowski were, at the relevant times, supervisory personnel at the 105th Precinct with the oversight responsibility for line officers, the individually named defendants. They were responsible for the training, instruction, supervision, and discipline of the police officers who brutalized Mr. Gregoire.

210. Not only did the sergeants fail to supervise the individual police officers they joined into the fray and perpetuated the excessive force applied to the Plaintiff.

211. These defendants knew, or in the exercise of due diligence would have known, that the conduct of the officers involved was excessive.

212. It is believed that these defendants failed to take preventative and remedial measures to guard against the brutality and cover up committed against Plaintiff.

213. Had they taken appropriate action, Mr. Gregoire would not have been injured.

## NINTH CAUSE OF ACTION 42 U.S.C. § 1983 SUPERVISORY LIABILITY

214. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

215. It was the policy and/or custom of the City to investigate inadequately and improperly civilian complaints of police misconduct and to punish inadequately those complaints which were substantiated. Instead, acts of brutality were tolerated by the City. The Internal Affairs Bureau (IAB) and the Civilian Complaint Review Board (CCRB) have substantially failed in their responsibilities to investigate misconduct and discipline transgressors.

216. That the investigators from the CCRB are improperly trained in investigatory techniques and policy policies and procedures and repeatedly fail in their tasks of protecting the citizens of New York.

217. The City has been deliberately indifferent to the need for more or different training, rules and regulations relating to police officers who witness or have information regarding misconduct by fellow officers.

218. The City has failed to properly sanction-or discipline officers who violate the rights of the constitutional rights of citizens by other New York City police officers, thereby causing and encouraging New York City police officers, including the individual defendant officers in this case, to violate the rights of citizens such as Mr. Gregoire.

219. As a direct and proximate result of the defendants' policies and their deliberate indifference, defendants violated Mr. Gregoire's constitutional rights for which he suffered substantial damages.

## TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

220.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

221.    In addition, defendant officers conspired among themselves and conspired with other individuals to deprive the plaintiff of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

222.    Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their

37

jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted

willfully, knowingly, and with the specific intent to deprive the plaintiffs of their constitutional

rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

223.     Defendants, their officers, agents, servants, and employees were responsible for

the deprivation of plaintiffs' state constitutional rights.

## ELEVENTH CAUSE OF ACTION: OTHER NEW YORK TORTS

224.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set

forth herein.

225.     Plaintiff has complied with the provisions of New York State Municipal Law '

50(i) with respect to plaintiffs' state law claims; within the time prescribed by law, a sworn

Notice of Claim stating among other things, the time when and place where the injuries and

damages were sustained, together within plaintiffs' demands for adjustment thereof was duly

served on the claimant's behalf on the Comptroller of THE CITY OF NEW YORK and that

thereafter said defendant refused or neglected for more than thirty (30) days and up to the

commencement of this action to make any adjustment or payment thereof, and that thereafter,

and within the time provided by law, this action was commenced.

226.     The conduct of the defendants, as described herein, amounted to false

arrest/imprisonment, trespass, assault and battery, unlawful stop and frisk, unreasonable search

and seizure, unreasonable detention, negligence, defamation, conspiracy, special injury, loss of

consortium, harassment, tortuous interference, abuse of power, fraud, negligent and intentional

infliction of emotional distress and negligent hiring and retention of defendant officers.

38

227.   Plaintiff suffered both physical and mental pain and injury, and plaintiff was injured in his character and reputation. The effects of all of the above stated continue to date, and, upon information and belief, will continue into the future.

228.   That the defendants, their agents, servants and employees, acting as agents on behalf of defendants and within the scope of their employment, intentionally, willfully, and maliciously assaulted and battered plaintiff, in that they had the real and apparent ability to cause imminent harmful and/or offensive bodily contact and intentional did a violent and/or menacing act which threatened such contact with the plaintiff, and the acts caused apprehension of such contact with the plaintiff, and defendants, in a hostile and/or offensive manner touched and struck the plaintiffs, without their consent and with the intention of causing harmful and/or offensive bodily contact with the plaintiffs and caused such a batter in and about their heads, neck, body and limbs.

229.   By reason of the foregoing intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable cause, or reasonable cause, the plaintiff suffered great bodily injury in and about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, aggravating and complicating and aggravating plaintiff, and among other things, causing plaintiff to suffer conscious pain and suffering, and that the was otherwise damaged.

230.   Consequently, plaintiff has been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## TWELFTH CAUSE OF ACTION PENDENT CLAIM OF ASSAULT AND BATTERY

231. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

232. By their actions, as set forth above, the individual defendants police officers and sergeants committed atrocious acts of battery and assault against Amr. Gregoire which included beating and kicking him about the face and body, pulling out his hair and slamming his head repeatedly against a wall. This physical force was unnecessary and unnecessarily excessive.

233. The municipal defendant is responsible for the threats and the excessive and unnecessary physical force used by individual defendants because the misconduct occurred while they were acting in the scope of their employment, specifically in the course of arresting Mr. Gregoire and illegally entering his home.

234.   As a result of these assault and the excessive and unnecessary physical force used against him, Plaintiff suffered severe and serious physical and mental injuries.

## THIRTEENTH CAUSE OF ACTION PENDANT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT 190.

235. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

236.   Mr. Gregoire was wrongfully, unlawfully, and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by defendants police officers and supervisor personnel.

237. At all relevant times, these defendants acted forcibly in apprehending Mr. Gregoire.

238. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention and imprisonment was carried out without a warrant.

40

239. After his arrest, Mr. Gregoire was wrongfully harassed, threatened, and subjected to the taking of mug shots in a particularly humiliating fashion and fingerprinting and being restrained at a hospital and sedated like a wild animal.

240. Throughout Mr. Gregoire's false arrest and imprisonment, defendants did not permit him an opportunity to establish his innocence. At all times mentioned, the unlawful, wrongful, and false arrest and imprisonment of Mr. Gregoire was without right or probable cause, and was forcible and against his will.

241. All of the foregoing occurred without any fault or provocation on the part of Mr. Gregoire.

242. At all relevant times defendants were employees of the NYPD and the City, and were acting for, upon and in furtherance of the business of their employers in furtherance of the business of their employers and within the scope of their employment.

243. As a result of the false arrest and imprisonment, Mr. Gregoire was subjected to humiliation, ridicule, and disgrace. He was required to incur bills for legal services rendered, and was otherwise injured and damaged.

## FOURTEENTH CAUSE OF ACTION PENDENT CLAIMS OF INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

244. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

245. In the course of battering Mr. Gregoire about the face and body, breaking his hair slamming his face against the wall, macing him, and falsely arresting and imprisoning him, defendants police officers and sergeants embarked on a malicious, willful, and grossly negligent

41

course of conduct intended to cause Mr. Gregoire to suffer extreme mental and emotional distress, agony, and anxiety.

### FIFTEENTH CAUSE OF ACTION PENDENT CLAIM OF PRIMA FACIE TORT

246. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

247. By their actions, as set forth above, defendants police officers and sergeants inflicted harm upon Mr. Mr. Gregoire, without excuse or justification, out of disinterested malevolence.

### SIXTEENTH CAUSE OF ACTION PENDENT CLAIMS OF GROSS NEGLIGENCE AND NEGLIGENCE AND INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

248. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

249. The members of the New York City Police Department, were grossly negligent and negligent in that they had a duty to care for Mr. Gregoire which they violated by battering an assaulting him and by failing to take steps that an ordinarily reasonable and prudent police officer would take to protect him. And by providing false information to the hospital as to Mr. Gregoire's mental condition and the source, nature, and extent of his injuries, which caused them to inject him with unknown medicines and to deny him prompt treatment at the hospital.

250.   The police officers knew or should have known that their battering and assault of the Plaintiff created an unreasonable risk of bodily harm and did cause Plaintiff mental distress and anguish.

## SEVENTEENTH CAUSE OF ACTION PENDENT CLAIM - RESPONDEAT SUPERIOR

251. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

252. At all relevant times, all defendant employees of the City of New York were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

253. Consequently, the City is liable under the doctrine of respondeat superior for their actions and or omissions.

**WHEREFOR**E, plaintiff request the following relief jointly and severally as against all of the defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Award disbursements, costs, and attorneys' fees; and

4. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: New York, New York
        February 26, 2018

                                        Yours etc.,

                                        Mark A. Crawford, Esq. (MAC4609)
                                        **The Crawford Law Firm, P.C.**
                                        Attorneys for Plaintiff
                                        **NICHOLSON GREGOIRE**
                                        244-16 Jericho Turnpike

43

Floral Park, NY 11001
(516) 492-3147